IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gary Wise, #285074, aka<br>Gary L. Wise,<br>                Plaintiff,<br><br>vs.<br><br>South Carolina Department of<br>Corrections; R.N., Shirley J. Lamborde;<br>Adm. Spec., Sheryl K. Schepp; LPM,<br>Catherine M. McKay; Dempsey C.<br>Howard; R.N., Patricia A.<br>Denumbreum; R.N., Susan M. Chen;<br>L.P.N., Gloria H. Sander's; Sinclair<br>Mackay; L.P.N., Tonya I. Coleman;<br>N.P. Eileen Delany; R.N., Susan K.<br>Gossett; R.N., Susan C. Rosario;<br>Tech. Med. Asso., Erin R. Embleton;<br>R.N., David R. Baer; Med. Asst. Tech.,<br>Evelyn Gadson; Med. Asst. Tech.,<br>Kimberly R. Gary; J.R. Cusack;<br>Records Analyst, Jennifer K. Albrecht;<br>R.N., Mary K. Mosley; Medical Asst.<br>Tech., Sarah F. Chisolm; R.N., Tegan<br>Leger; L.P.N., Susan E. Hadley; Doctor<br>N. Patel; L.P.N., V. Jenkins; and<br>N.P., Joe NLN,<br><br>                Defendants. | Civil Action No. 6:04-1889-MJP-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

        The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on the defendants' motion to dismiss.

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to

review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## PROCEDURAL BACKGROUND

The plaintiff filed his complaint on June 30, 2004, alleging that the defendants violated his constitutional rights. He filed an amended complaint on July 28, 2004. On October 12, 2004, the defendants filed a motion to dismiss. By order filed on October 15, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. When the plaintiff did not respond within the appropriate time period, the court issued an order on January 10, 2005, instructing him that his complaint would be dismissed for failure to prosecute if he did not file his response to the defendants' motion for summary judgment within 20 days from the date of the order. On January 26, 2005, the plaintiff filed a document entitled "In Answer to the Order Filed Jan. 10, 2005." He asserted that he considered his "Affidavit to Amended Answers," filed on January 11, 2005, to be a sufficient response to the defendants' motion, and he requested additional time "to study, review, check and copy anything he might need to support his case in summary judgment." By order issued on January 31, 2005, the court granted the plaintiff an extension to respond to the defendants' motion through February 21, 2005. The plaintiff did not file a response to the defendants' motion.

## APPLICABLE LAW

*Motion to Dismiss Standard*

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. In considering

2

a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4ht Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## ANALYSIS

This action is premised on the plaintiff's incarceration at Lieber Correctional Institution (LCI). He has since been transferred to Turbeville Correctional Institution.

3

The plaintiff's claims are set forth in a five-page document consisting mainly of conclusory allegations. Ultimately, he claims that he suffered a heart attack as a result of cruel and unusual punishment of the defendants. The present motion to dismiss seeks to dismiss all defendants except Sinclair Mackay.

### *All Individual Defendants Except Sinclair Mackay*

The plaintiff has named 25 individual defendants as well as the South Carolina Department of Corrections (SCDC). He seeks relief from the defendants in their official and individual capacities.[1] He does not allege, however, that any of these defendants was personally involved in or had direct responsibility for violation of his constitutional rights. Indeed, he fails to make an allegation or reference to any of the individual defendants in the complaint. The plaintiff has alleged no facts which, if true, state a claim as a matter of law against any of the individual defendants. Accordingly, the complaint should be dismissed against all individual defendants. *See Harper v. United States*, 423 F.Supp. 192, 196 (D.S.C. 1976).

### *South Carolina Department of Corrections*

The plaintiff has also named the SCDC as a defendant. However, the SCDC is not a "person" for §1983 purposes. *Lapides v. Bd. of Regents,* 535 U.S. 613, 617 (2002). Title 42, U.S.C., Section 1983, allows a civil action to recover damages for deprivation of a constitutionally protected right. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). However, the Supreme Court has held that neither the State nor state agencies are "persons" for purposes of actions under §1983. *Will v.*

---

[1] The court notes that although an answer was filed on their behalf, service was never effected on the following defendants: Shirley Lamborde, Catherine McKay, Patricia Denumbreum, Susan Chen, Tonya Coleman, Eileen Delany, Susan Gossett, Erin Embleton, David Baer, Kimberly Gary, J.R. Cusack, Jennifer Albrecht, Mary Mosley, and Susan Hadley.

4

*Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). The SCDC is unquestionably an administrative agency of the State of South Carolina. S.C. Code Ann. §24-1-30. Therefore, the SCDC is immune from suit under the Eleventh Amendment, and the complaint should be dismissed against defendant SCDC.

### *Defendant Sinclair Mackay*

The plaintiff has also named Sinclair Mackay as a defendant to this action. However, the affidavit of service was returned unexecuted for Sinclair Mackay on October 22, 2004. More than 120 days has passed since the summons for this defendant was issued on September 13, 2004. Thus, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the complaint should be dismissed against defendant Sinclair Mackay.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that the defendants' motion to dismiss be granted. All pending non-dispositive motions will be held in abeyance pending the district court's disposition of the motion to dismiss. Should the district judge adopt this court's recommendation, the motions will be rendered moot.

                                            s/William M. Catoe
                                            United States Magistrate Judge

May 10, 2005

Greenville, South Carolina