IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gary L. Wise, #285074, ) | C.A. No. 6:04-1889-CMC-WMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| South Carolina Department of Corrections; ) | |
| R.N. Shirley J. Lamborde; ) | |
| Adm. Spec. Sheryl K. Schepp; ) | |
| L.P.N. Catherine M. McKay; Dempsey C. Howard; ) | |
| R.N. Patricia A. Denumbreum; ) | |
| R.N. Susan M. Chen; L.P.N. Gloria H. Sanders; ) | |
| Sinclair Mackay; L.P.N. Tonya I. Coleman; ) | |
| N.P. Eileen Delany; R.N. Susan C. Rosario; ) | |
| Tech. Med. Assoc. Erin R. Embleton; ) | |
| R.N. David R. Baer; Med. Asst. Tech. Evelyn ) | |
| Gadson; Med. Asst. Tech. Kimberly R. Gary; ) | |
| J.R. Cusack; Records Analyst Jennifer K. Albrecht; ) | |
| R.N. Mary K. Moslet; ) | |
| Medical Asst. Tech Sarah F. Chisholm; ) | |
| R.N. Tegan Leger; L.P.N. Susan E. Hadley; ) | |
| Doctor N. Patel; L.P.N. V. Jenkins; and ) | |
| N.P. Joe, N.L.N., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's *pro se* complaint for alleged violations of his Eighth Amendment rights, in violation of 42 U.S.C. § 1983.[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation. On May 10, 2005, the Magistrate Judge issued a Report containing three recommendations. First, the Report recommended that the complaint be dismissed

---

[1] This matter was originally assigned to the Honorable Matthew J. Perry, Jr., Senior United States District Judge. It has been reassigned to the undersigned for disposition.

as to all Defendants except Defendant Sinclair Mackay for failure to state a claim. Second, the Magistrate Judge recommended the dismissal of Defendant Sinclair Mackay pursuant to Federal Rule of Civil Procedure 4(m). Third, the Report recommended dismissal of the South Carolina Department of Corrections ("SCDC") because SCDC is not a "person" for § 1983 purposes. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed Objections to the Report on June 9, 2005.

On May 26, 2006, Plaintiff filed a document with this court titled, "Supplemental Pleadings Amended Pursuant to Rule 15(d) F.R.C.P." In this document, Plaintiff dismisses all Defendants to this action except SCDC, "(LCI) Warden Stan Burtt," "Dr." Eileen Delany,[2] and "Officer Adcock." Two of these individuals, Burtt and Adcock, are not parties to this action. Therefore, Plaintiff appears to have dismissed this action against all above-listed Defendants except SCDC and "Dr." Eileen Delany.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for

---

[2]In the Amended Complaint, Plaintiff identifies Delany as an "N.P.," which this court assumes means a "Nurse Practitioner." However, in later filings, Plaintiff identifies her as a "Doctor."

2

clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees that Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Complaint and Amended Complaint state only conclusory allegations, and do not assert any specific actions or inactions of the individual defendants.

Plaintiff makes specific allegations regarding four Defendants (Patel, Jenkins, Joe, and Delany)[3] in his "Affidavit to Amended Answers," (Dkt. #34, filed Jan 10, 2005). Plaintiff did not seek to add these allegations to his Amended Complaint, nor does it appear that the Magistrate Judge considered this material when he filed his Report and Recommendation. However, these allegations as to Defendants Jenkins, Joe, and Patel are moot as Plaintiff has dismissed them from this suit.

As to Defendant Delany, Plaintiff asserts in the above-referenced "Affidavit" that Delany gave him a "misdiagnosis" at the Kirkland Correctional Institution medical clinic on June 24, 2002, *see* Affidavit to Amended Answers at 4 (Dkt. #34, filed Jan. 10, 2005), and "unconstitutionally delay[ed] inmates [sic] receipt of medical treatment . . . ," *id*. at 6. Even if this court were to construe the "Affidavit" as an amendment to the Amended Complaint, these allegations fail to state

---

[3]Plaintiff also alleges in the "Affidavit" that "C/O Adcox" removed a teddy bear from his cell which had been prescribed to him following cardiac bypass surgery. However, "C/O Adcox," who is the same "Officer Adcock" mentioned in Plaintiff's May 26, 2006 filing, has not been properly joined to this suit, and any allegations contained in the "Affidavit" are therefore not considered by this court.

3

a viable claim for relief under § 1983. If Delany's actions resulted in a misdiagnosis and delay in treatment, then at most, her actions might constitute medical negligence, which is not cognizable in a § 1983 action. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).[4]

As to the Report's other recommendations, the court agrees with the Report's conclusion that the SCDC is not a "person" for § 1983 purposes. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Report's recommendation that Defendant Sinclair Mackay be dismissed for failure to serve is rendered moot by Plaintiff's dismissal of this action as to Sinclair Mackay.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is **granted** as to Defendants SCDC and Delany. This matter is dismissed with prejudice as to all Defendants. All other pending motions are hereby dismissed as **moot**.

**IT IS SO ORDERED**.

                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 5, 2006

---

[4] Even if Plaintiff's complaint and "Affidavit" could be said to assert a viable § 1983 claim against Delany, there is no evidence in this record of Plaintiff having properly exhausted his administrative remedies relating to this claim. *See* 42 U.S.C. § 1997e(a). *See also Woodford v. Ngo*, No. 05-416, slip opinion at 11, 548 U.S.___, ___ S. Ct. ___, 2006 WL 1698937 at * 7 (U.S. June 22, 2006) (holding that § 1997e(a) requires "proper exhaustion" of available administrative remedies).